[No. 3141. Decided November 25, 1898.]

THE STATE OF WASHINGTON, *Respondent,* v. EDGAR HYDE, *Appellant.*

CRIMINAL LAW—COMMENT ON EVIDENCE—MISCONDUCT OF JUDGE.

· Under art 4, § 16, of the constitution, which provides that "judges shall not charge juries with respect to matters of fact, nor comment thereon," it is reversible error for the court, though requested by the jury because of a disagreement as to their recollection of the testimony, to state to the jury that his notes showed that a witness testified to a certain fact, and that he did not recall whether he testified to a certain other fact concerning which the jury requested information.

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge. Reversed.

*Fred T. Peet,* and *Murry & Carroll,* for appellant.

*A. R. Titlow,* Prosecuting Attorney, and *Hugh Farley,* for The State.

The opinion of the court was delivered by

GORDON, J.—Conviction for an assault with intent to rob, and the defendant appeals. But a single question requires consideration. At the trial, P. J. Concannon, a police officer of the city of Tacoma, who had arrested the defendant, was examined as a witness for the state. After the jury had been charged by the court and had been out about an hour, they sent word to the judge that they desired to be further instructed in the case. We quote from the record:

"  .   .   . in the presence of the presiding judge, the said appellant and counsel for both sides, said jury were brought back into the court room. Said jury then said—through their foreman—that they disagreed in their recollection of the testimony of P. J. Concannon (who was one of the witnesses for said respondent in said trial) as to admissions made to him, Concannon, by appellant, some remembering the testimony to the effect that Concannon swore that appellant said to him after the arrest that he, appellant, struck the blow; and others not remembering that Concannon so stated, and the jury asked the court what he did say.

" The court said: 'Gentlemen, as I have already charged you, you are the sole judges of the weight of the testimony and credibility of the witnesses; and it is your province to remember what the testimony is; I will say, however, that my notes show that Concannon testified that appellant on the way to the station admitted to him (Concannon) that he struck the prosecuting witness the blow.' "

It is conceded that the testimony of Concannon was cor-

rectly stated by the court, and again we quote from the record:

" . . . thereupon, juryman A. C. Campbell remarked to the court that detective Concannon had also testified that at the same time appellant said 'we got nothing,' to which inquiry the court informed the jury that he did not recall this. The appellant then and there duly excepted to each and all of the said statements of the court to the jury, which exception was allowed. Thereafter the jury retired and subsequently returned with a verdict of 'guilty as charged.' "

Counsel for appellant contends that this statement by the trial judge was a comment upon the evidence and forbidden by our constitution (art. 4, § 16), which reads:

" Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

Referring to this constitutional provision in *State v. Walters*, 7 Wash. 246 (34 Pac. 938, 1098), we said:

" It is not the *quantum* of any particular comment, but all comment whatever, that is inhibited by the constitution; . . . All remarks and observations as to the facts before the jury are positively prohibited."

In *State v. Wroth*, 15 Wash. 621 (47 Pac. 106), we held that the action of the trial judge in leaving the bench and entering the jury room, at the request of that body while in consultation, was such misconduct as to warrant a reversal, regardless of whether any communication actually occurred between the judge and the jury. The objection in both cases is that the constitution is subverted and the defendant's rights invaded. Under such circumstances, the law, from considerations of public policy, will not stop to consider what the effect of such invasion may be in a particular case. The practice is not to be tolerated. It can make no difference that the testimony as given by Concannon on the stand was correctly stated to the jury by the

judge. As well might it be claimed that in a case where the evidence clearly called for a conviction the judge might *sua sponte* discharge the jury, and proceed to a judgment of conviction. The vice consists in doing what the constitution forbids to be done, and, in dealing with error of this character, courts will not consider the probable consequences of the error. The way to effectively prevent repetition is to put the seal of condemnation upon the practice, and such is the course uniformly pursued by the courts. *State v. Wroth, supra,* and authorities cited.

We are not unmindful of the fact that in many jurisdictions it is permissible for the court to state, at the request of the jury, what a witness has testified, and also to sum up the evidence. It suffices to say that such practice is abhorrent to our constitution. It was for the jury alone to determine what the witness had testified, and when the judge told them that his notes showed the testimony to have been of a certain character, stating it, he assumed a function which the constitution expressly reserved to the jury, and the defendant's objection should have been sustained. For this error the judgment must be reversed, and the cause remanded for a new trial.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.