(No. 5319. Decided December 22, 1904.)

THE STATE OF WASHINGTON, *Respondent,* v. FRANK
THIELD, *Appellant.*[1]

CRIMINAL LAW—INSTRUCTIONS—COMMENT ON FACTS.  It is
unlawful comment on the facts and reversible error for the
trial judge to recall the jury, after they have deliberated for
eighteen hours, and, in urging them to agree upon a verdict, to
state that it is a very plain case, that they ought to arrive at
a verdict without any trouble, and that he can see no reason
why they should hesitate, since that was clearly insinuating
that the verdict should be guilty.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 28, 1904, upon a
trial and conviction of the crime of robbery.  Reversed.

*S. D. Wingate,* for appellant.

*W. T. Scott,* for respondent.

MOUNT, J.—Appellant was convicted of the crime of
robbery.  Upon this appeal he alleges that the court erred
in refusing a motion for a new trial upon the ground
that the judge, when instructing the jury, commented
upon the facts.  After the evidence was all submitted and
the court had instructed the jury, and after the jury
had retired to consider their verdict, and eighteen hours
had elapsed without a verdict, the jury was brought into
the court room, where the following took place:

"The court:  Gentlemen of the jury, have you agreed
upon a verdict in this case yet?  Foreman of the jury:
We have not, your Honor.  The court:  I do not want
you to tell me whether you are for or against acquittal,
but how do you stand in number?  The foreman:  Eight
to four, your Honor.  The court:  It seems to me, gentle-
men of the jury, that you ought to agree on a verdict in
this case.  You twelve men know as much about this

[1]Reported in 78 Pac. 919.

case as it is possible for any twelve men to know about it. Now it is quite proper for each one to have his opinion, but it is your duty as jurors to reason together and see if you cannot arrive at a verdict. Without in any way intimating what your verdict ought to be, because that is not my province, it does seem to me that this is a very plain case and that you gentlemen ought to arrive at a verdict without any trouble whatever. I can't for the life of me see any reason why twelve men should hesitate at arriving at a verdict in this case. As I said before, I am not intimating what your verdict should be. That is for you. But you certainly ought to reach a verdict in this case. You may go back to your room again, gentlemen of the jury, and see if you can't arrive at a verdict."

. If there was no substantial evidence to go to the jury, it was the duty of the court to direct an acquittal and discharge the jury. If there was substantial evidence to go to the jury, it was the duty of the court to submit the case without comment upon the facts. Const., § 16, art. 4. In *State v. Crotts*, 22 Wash. 245, 60 Pac. 403, this court said:

"There are different ways by which a judge may comment upon the testimony, within the meaning of the constitution referred to above. The object of the constitutional provision, doubtless, is to prevent the jury from being influenced by knowledge conveyed to it by the court of what the court's opinion is on the testimony submitted. The constitution has made the jury the sole judge of the weight of the testimony, and of the credibility of the witnesses, and it is a fact, well and universally known by courts and practitioners, that the ordinary juror is always anxious to obtain the opinion of the court on matters which are submitted to his discretion, and that such opinion, if known to the juror, has a great influence upon the final determination of the issues. . . . There is no other constitution that we have been able to find that is as prohibitive of the action of the court in this respect as ours. Most of them are to the effect that the judge will

not charge the jury in respect to matters of fact. Ours, it will be noticed, goes beyond that, and provides that they shall not comment thereon."

The remarks of the judge quoted above could mean but one thing to the jury, and that was that he believed the defendant was guilty. It is true, as argued by the prosecuting attorney, that the judge stated no fact. He even said, "Without in any way intimating what your verdict ought to be, because that is not my province." Yet he did intimate very plainly what his opinion was upon all the facts when he said, "it does seem to me that this is a very plain case, and that you gentlemen ought to arrive at a verdict without any trouble whatever. I can't for the life of me see any reason why twelve men should hesitate at arriving at a verdict in this case;" and then, protesting again that he was not intimating what the verdict should be, continued, "But you certainly ought to reach a verdict in this case." There can be no doubt that the judge meant that he believed the defendant guilty, and that the jury should so find. If he had stated to the jury, "Gentlemen, this defendant is guilty, but I am not stating what your verdict should be," it could not be reasonably contended that this was not error within the constitutional inhibition. While the judge protested that he was not intimating what the verdict should be, yet he did so intimate, as clearly to the mind of any reasonable man as if he had stated it directly. In the following cases comments substantially like the one under consideration were held error, viz., *People v. Kindleberger,* 100 Cal. 367, 34 Pac. 852; *State v. Ivanhoe,* 35 Or. 150, 57 Pac. 317; *State v. Fisher,* 23 Mont. 540, 59 Pac. 919; *State v. Chambers* (Idaho), 75 Pac. 274.

For this error the judgment is reversed and the cause remanded for a new trial.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.