[No. 5755. Decided February 23, 1906.]

NANCY PATTEN, *Respondent,* v. THE TOWN OF AUBURN, *Appellant.*[1]

TRIAL—COMMENT ON FAUTS. In an action for personal injuries against a town, where the attorney for the defendant, in his argument to the jury, stated that the plaintiff had presented her claim to the town, it is unlawful comment upon the evidence, in violation of Const., art. 4, § 16, for the court, in sustaining the objection to such argument, to state in the presence of the jury that there was no evidence of the presentment to the town of any claim, when in fact there was evidence that a claim, verbal or written, had been presented to the town.

Appeal from a judgment of the superior court for King county, Hatch, J., entered March 3, 1905, upon the verdict of a jury rendered in favor of the plaintiff, in an action for

1Reported in 84 Pac. 594.

damages for personal injuries sustained in a fall upon a side-
walk.  Reversed.

*I. B. Knickerbocker* and *Graves, Palmer, Brown & Mur-
phy,* for appellant.

*Douglas, Lane & Douglas,* for respondent.

CROW, J.—This action was brought by respondent, Nancy
Patten, against appellant, the town of Auburn, a municipal
corporation of the fourth class, to recover damages for per-
sonal injuries alleged to have been sustained by a fall on one
of the public sidewalks of said town.   Respondent alleged
that the accident occurred on September 30, 1903, while she,
in company with two other ladies, was walking along Cedar
street.   She contends that by said accident she was per-
manently crippled in one of her knees, and also sustained
other injuries.   Trial was had before a jury, which rendered
a verdict in respondent's favor in the sum of $1,250.   A
motion for a new trial, and motion for judgment *non obstante
veredicto,* having been denied, judgment was entered upon
said verdict, and this appeal has been taken.

Many assignments of error have been made, but it is un-
necessary for us to refer to any except the assignment that
the court erred in overruling appellant's motion for a new
trial.   In support of this contention appellant first insists
that the evidence offered to show constructive notice to the
town of the unsafe condition of the sidewalk was insufficient,
it not being contended that any actual notice had been given.
We will not enter into a detailed discussion of the evidence
on this point, as we find a sufficient conflict existed to au-
thorize the submission of this issue to the jury for its de-
termination.

In further support of said assignment, appellant contends
the trial court erred in commenting on the evidence in the
presence of the jury.   Respondent's injuries were alleged to
have been sustained on September 30, 1903.   It appeared
from undisputed evidence that immediately after her fall she

proceeded to a place of business in the town of Auburn, and thereafter returned to her home, walking with the two ladies who accompanied her; that, after arriving at her home, she complained of considerable pain and soreness in her right knee. She did not call a physician for a period of two weeks, nor did she again consult a physician until after another period of two weeks. She complained of no other injuries until about January of the following year. There was a dispute in the evidence as to whether the condition of her knee might not have resulted from previous rheumatic trouble; also as to whether her other ailments were not of a chronic and long-standing nature, existing prior to the accident. The evidence of physicians who testified was conflicting on these points. It appears the appellant, at the time of her alleged injury, was keeping a boarding house, having about eight boarders and doing her own work. She continued to keep boarders until the following January; but stated that in the meantime she had employed servants to assist her. About January she quit keeping boarders, her contention being that she was compelled to terminate the business by reason of the severity of her injuries. On respondent's cross-examination, counsel for appellant endeavored to show that her alleged injuries were feigned, were not the result of her fall, and that her claim against the municipality was not prosecuted in good faith. On such cross-examination she testified, in part, as follows:

"Question: After he [the last servant employed by her] left whom did you get? A. I quit when he left. Q. That is when you gave up? A. That is when I gave up. Q. Now, that was in January, was it, when you gave up the boarding business? A. Yes sir. Q. What day in January? A. I think it was the middle of January. Q. Now, that was a little after you had determined to look to the city for damages, wasn't it? A. A little after. Q. You had made up your mind that you would ask the city to pay you damages for this accident at that time, hadn't you? A. No, I didn't ask them until I quit. I didn't ask them until the 18th of

January. Q. Now, are you sure about that, Mrs. Patten? A. Very sure about it. Q. That was of course this year? A. Yes, that was this year. Q. What day did you say that was? A. Well, now, as near as I can remember, I think it was the 18th."

It further appears from her cross-examination that she had consulted an attorney in the city of Seattle some time in the month of December following the accident. This action was not instituted until June 11, 1904. The statement of facts shows that appellant's attorney, in his argument to the jury, asserted that respondent, in January, presented her claim to the town for injuries alleged to have been sustained. Thereupon counsel for respondent objected to said statement, which objection the court sustained, and stated to the jury that there was no evidence of the presentment to the town of any claim by respondent. To this statement of the court appellant, by its counsel, at the time excepted. Appellant now contends that this remark of the court, made to the jury during the argument of counsel, was a comment upon the evidence, in violation of the provisions of art. 4, § 16, of the constitution, which reads as follows: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

Evidently it was not the intention of the framers of the constitution that this provision should impose any undue restraint upon a trial judge in passing upon the competency or admissibility of evidence, or in instructing the jury as to the law. We think their intention was to provide against any undue influence being exerted upon the jury by the judge communicating to them his opinion as to facts proven or not proven by the evidence. The honorable trial judge, in making this statement to the jury, undoubtedly had in mind the fact that, by the charters of cities of the first class in this state, it is provided that, before an action of this character can be brought, a written claim must be presented to the city authorities within a limited time. There is no such provision in the

law pertaining to cities of the fourth class, and in this instance it was not necessary to present any written or formal claim to the municipal authorities. Yet, from the cross-examination of respondent, we infer that she had in fact presented a claim. Whether it was oral or written does not distinctly appear. Although, as a condition precedent to the bringing of this action, it was immaterial whether she had presented any claim whatever; still this evidence became material as affecting her credibility as a witness, as tending to show whether she had acted in good faith, and whether she had, prior to January, 1904, honestly claimed to have suffered the injuries alleged in her complaint.

In *State v. Walters,* 7 Wash. 246, 34 Pac. 938, 1098, this court said:

"It is not the *quantum* of any particular comment, but all comment whatever, that is inhibited by the constitution; and, therefore, courts should be extremely careful to confine their instructions solely to declaring the law. All remarks and observations as to the facts before the jury are positively prohibited, and if any such are made, the judgment will be reversed unless the appellate court can see that the accused was in no wise prejudiced thereby."

In *Drumheller v. American Surety Co.,* 30 Wash. 530, 71 Pac. 25, it appeared that, when instructing the jury, the trial judge omitted any mention of a contested item of a certain door until his attention was called thereto by counsel for the plaintiff. Thereupon one of the jurors asked the court what kind of a door had been furnished, and the judge replied: "I think the testimony is silent as to that point, as to the kind of a door it was. You will simply have to determine that matter from the testimony in the case. I do not think there is any testimony about it." In fact, the evidence was silent on the question, yet the appellant assigned error on this remark of the court as being a comment on the evidence. In passing upon such assignment, this court said:

"It is always proper for the court to state to the jury that there is no evidence as to a certain matter, when, as in this

case, such is the fact. But it is for the jury alone to determine the weight of the evidence submitted to them, without interference or suggestion on the part of the court."

In this case the evidence was not silent as to the matter involved, as there was testimony tending to show a claim of some kind had been presented to appellant on January 18, 1904, and the evidence was material. When the trial judge made the statement of which appellant complains, he commented upon matters of fact in the presence of the jury, and in so doing committed prejudicial error.

Other assignments of error are made which are based upon instructions either given or refused. We have carefully examined the entire body of the instructions contained in the record, and find that the law was fairly and properly given to the jury. For the error above mentioned, the judgment is reversed and the cause remanded for a new trial.

MOUNT, C. J., HADLEY and DUNBAR, JJ., concur.

ROOT, J., having been of counsel, took no part.