[No. 6707. Decided September 5, 1907.]

WILLAM A. SCHNEIDER, *Respondent*, v. GREAT NORTHERN
RAILWAY COMPANY, *Appellant*.[1]

TRIAL—COMMENT OF JUDGE—RECEPTION OF EVIDENCE—WITNESSES—
CREDIBILITY. It is unlawful comment for the trial judge, in over-
ruling an objection to evidence, to remark that he did not consider
it very material or entitled to much weight; and the same is preju-
dicial error where the same related to the intoxication of the plain-
tiff and affected the credibility of his evidence at the time in ques-
tion, as to which there was a sharp conflict in the evidence.

CARRIERS—WRONGFUL EJECTION — DAMAGES — WITNESSES — CROSS-
EXAMINATION. In an action for severe personal injuries sustained in
the ejection of a passenger, where plaintiff testified that on the same
afternoon he took railroad trips to another town, before consulting a
physician, cross-examination as to the purpose of his trips is proper,
as it bears upon the severity of the injuries.

Appeal from a judgment of the superior court for Spokane
county, Poindexter, J., entered October 20, 1906, upon the
verdict of a jury rendered in favor of the plaintiff, after a
trial on the merits, in an action for the wrongful ejection
of a passenger from a railway train. Reversed.

*M. J. Gordon* and *Charles A. Murray*, for appellant.

*A. G. Gray*, for respondent.

FULLERTON, J.—The respondent, on July 3, 1906, being
then a resident of Newport, Washington, purchased a round-
trip ticket from that place to Sandpoint, Idaho. His purpose
in going to Sandpoint was to attend a celebration of the na-
tional holiday. He reached Sandpoint sometime in the evening
of the 3d, stayed there over the 4th, and started for home on
an early train which passed through Sandpoint at about five
o'clock on the morning of the 5th. He was somewhat late
when he reached the station, and boarded the train with the

[1] Reported in 91 Pac. 565.

assistance of the brakeman, after it had started to move out. The conductor was taking tickets in the car into which the respondent entered, and took up the respondent's ticket without giving him a seat check in return. On reaching a seat, the respondent immediately went to sleep. When the train arrived at Priest River, a station between Sandpoint and Newport, the conductor approached the appellant, woke him up, and insisted that he get off the train. There is a sharp conflict in the evidence as to what occurred at that time, but the controversy ended by the respondent's getting off the train, assisted by the conductor. After they reached the station platform, some further talk was had, when the respondent was permitted to reboard the train and ride to the destination called for in his ticket. It is the respondent's contention that he was removed from the train with such force and violence as to injure him physically, and brought this action to recover for his physical injuries as well as for the shame and disgrace of having been wrongfully expelled from the train. The trial resulted in a verdict and judgment in respondent's favor in the sum of $700, and this appeal is prosecuted therefrom.

On the trial the appellant put the conductor on the witness stand, and proceeded to question him concerning the defendant's condition as to intoxication at the time he was put off the train at Priest River. To this the respondent objected, and the court ruling upon the objection said, "I don't think it is very material, or entitled to much weight, but the jury may consider it." The appellant thereupon excepted to the remarks as a comment upon the evidence, but the court neither withdrew the remarks from the jury, nor gave them any caution as to whom the duty belonged of judging the weight and credibility of the evidence.

Manifestly the remark was a comment on the evidence, and as such prohibited by § 16, art. 4 of the constitution. Was the remark prejudicial? We think it was. As we have said, there was a sharp conflict between the respondent and the conductor as to what occurred when the respondent was made to

leave the train, and, clearly, it would aid the jury in determining which of them told the truth to know their respective conditions as to sobriety. It is no justification to·say that the comment occurred when the court was ruling on the admission of evidence, and not in the charge to the jury, as it is just as harmful to the party offering the evidence to have it discredited by the trial judge in advance of its admission as it is to have it discredited afterwards. For cases from this court where the general question is discussed, see, *State v. Walters*, 7 Wash. 246, 34 Pac. 938, 1098; *State v. Wroth*, 15 Wash. 621, 47 Pac. 106; *State v. Hyde*, 20 Wash. 234, 55 Pac. 49; *State v. Surry*, 23 Wash. 655, 63 Pac. 557; *Miller v. Dumon*, 24 Wash. 648, 64 Pac. 804; *French v. Seattle Traction Co.*, 26 Wash. 264, 66 Pac. 404; *State v. Bliss*, 27 Wash. 463, 68 Pac. 87; *State v. Eubank*, 33 Wash. 293, 74 Pac. 378; *State v. Manderville*, 37 Wash. 365, 79 Pac. 977; *Patten v. Auburn*, 41 Wash. 644, 84 Pac. 594.

The respondent testified that, on the afternoon of the day of the injury, he visited Priest River, going and coming on the appellant's trains. On cross-examination the appellant sought to ascertain the purpose of this visit, but objections to its questions directed to that end were sustained. It would seem that this might properly have been gone into. The respondent was complaining of physical injuries which his own testimony indicated were somewhat severe. As he paid this visit before he consulted with a physician concerning his injuries, and on the afternoon of the day he received them, it would have thrown some light on the question whether or not he was exaggerating his condition to know whether this visit was one of necessity or one of mere convenience. The cross-examination should have been permitted, at least to that extent.

Since there must be a new trial, it is not necessary to inquire whether or not the verdict was excessive.

The judgment is reversed and a new trial granted.

HADLEY, C. J., CROW, and RUDKIN, JJ., concur.