[No. 8942. Department One. January 3, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. ALEX
McDOWELL, *Appellant*.[1]

JURY—RIGHT TO JURY TRIAL—FEDERAL CONSTITUTION—APPLICA-
TION. The Federal constitutional guaranty of a trial by an impartial
jury has no application to prosecutions in a state court for the vio-
lation of state laws.

SAME—RIGHT INVIOLATE—QUALIFICATION OF JURORS. Const., art.
1, § 21, providing that the right to trial by jury "shall remain in-
violate," is not violated by Rem. & Bal. Code, § 94, requiring jurors
to be taxpayers; since the constitutional guaranty and all the es-
sential incidents of trial by jury are preserved.

CRIMINAL LAW—EVIDENCE—SIMILAR CRIMES—RES GESTAE. In a
prosecution for assault with intent to commit sodomy, evidence of
the same act upon another boy immediately after the first, is ad-
missible as part of the *res gestae*.

[1]Reported in 112 Pac. 521.

TRIAL—MISCONDUCT OF JUDGE—COMMENT ON EVIDENCE. Remarks of the trial judge as to the youth of a boy thirteen years of age, made to counsel as reasons for overruling objections to leading questions, are not objectionable as comment on the evidence.

APPEAL—REVIEW—HARMLESS ERROR. Comment on the evidence that is not prejudicial is not ground for reversal.

CRIMINAL LAW—APPEAL—PARTY ENTITLED TO ALLEGE ERROR. Upon appeal by accused from a conviction, the state cannot urge error in that his sentence was under the wrong statute, and too light.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered October 5, 1909, upon a trial and conviction of assault with intent to commit sodomy. Affirmed.

*William M. Thompson* and *Keith W. Dunlop*, for appellant.

*E. K. Brown* and *Austin Mires*, for respondent.

GOSE, J.—The defendant was convicted of the crime of assault with intent to commit sodomy, and has appealed from the judgment entered upon the verdict. The first question raised is that the requirement that a juror shall be a tax-payer (Laws 1909, page 131; Rem. & Bal. Code, § 94), conflicts with the sixth article of amendment to the Federal constitution, which guarantees that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury. This amendment has no reference to prosecutions in state courts for the violation of a state law. 8 Cyc. 1091; Cooley, Const. Lim., p. 46; *Twitchell v. Commonwealth*, 7 Wall. 321; *Edwards v. Elliott*, 21 Wall. 532; *Pearson v. Yewdall*, 95 U. S. 294; *Maxwell v. Dow*, 176 U. S. 581. In the *Maxwell* case the accused was tried for a felony in the state of Utah, in the state court, before a jury composed of eight jurors, and convicted and sentenced to imprisonment. The constitution of Utah provides "that in courts of general jurisdiction, except in capital cases, a jury shall consist of eight persons." It was contended, among other things, that the clause quoted violated the sixth amendment of the Federal constitution. The court

said that the contention had merit if the amendment was applicable to criminal prosecutions of citizens of the United States in state courts; that the amendment was not applicable, and that "the states so far as the amendment is concerned, are left to regulate trials in their own courts in their own way." *Thompson v. Utah,* 170 U. S. 343, and *Rasmussen v. United States,* 197 U. S. 516, cited by the appellant, hold that the amendment is operative in criminal prosecutions in the territories, and that the term "jury" means a jury of twelve persons.

It is also contended that the requirement that a juror shall be a taxpayer is violative of § 21 of art 1 of the state constitution, which provides that "the right of trial by jury shall remain inviolate." A juror was not required to be a taxpayer under the laws of the territory when the constitution was adopted. The precise point raised is that the legislature is powerless to prescribe any qualification for jury service in addition to that required at the time of the adoption of the constitution. This contention, we think, is without merit. While we think the point was ruled adversely to appellant's contention in *State v. Newcomb,* 58 Wash. 414, 109 Pac. 355, we will proceed to a consideration of the question as if it were not controlled by that case. In *Redford v. Spokane St. R. Co.,* 15 Wash. 419, 46 Pac. 650, in considering another statute fixing the qualifications for jury service, this court said: "That the act requires that jurors shall be householders—a qualification not required by the old law —furnishes no sufficient reason in our judgment for holding that it is unconstitutional." The guaranty, says Johnstone, C. J., in *Wheeler v. Caldwell,* 68 Kan. 776, 75 Pac. 1031, means "that the right of trial by jury shall be and remain as ample and complete as it was at the time when the constitution was adopted." In *Vaughn v. Scade,* 30 Mo. 600, it was held that the guaranty means a jury of twelve men, but that "the non-essentials of that institution such as concern the qualifications of jurors, the mode of summoning them,

and many other such matters," are left to the wisdom of the
law-making body, and that the guaranty is preserved "in
retaining the substance of that form of trial as it was known
and practiced among those from whom we derived it." In
*State v. Strasburg*, 60 Wash. 106, 110 Pac. 1020, we said
that the guaranty means something more than the "preserva-
tion of the mere forms of trial by jury." In *State v. McClear*,
11 Nev. 39, it was said:

"We think that the term 'jury,' as it is used in the con-
stitution, means twelve competent men who are free from all
ties of consanguinity and all other relations that would tend
to make them dependent on either party. It means twelve
men who are not interested in the event of the suit, and who
have no such bias or prejudice in favor of, or against, either
party as would render them partial toward either party;"

and that the statute which took away the right of the
state and the accused to challenge a juror for actual bias
contravened the constitutional guaranty, in that the right
of the parties to have the case tried by an impartial jury
was of the essence and substance of the guaranty. We fully
acquiesce in this view. In *Work v. State*, 2 Ohio St. 296, it
is said that the term "jury" has been variously defined as
"twelve good men and true," "neighbors and equals," "peers"
of the parties to the litigation. In *Stokes v. People, etc.*,
53 N. Y. 164, 13 Am. Rep. 492, it was held that "the mode
of procuring and impaneling" the jury may be regulated
by statute, but that the right of trial by an impartial jury
must be preserved. In *People v. Harding*, 53 Mich. 48, 481,
18 N. W. 555, 19 N. W. 155, 51 Am. Rep. 95, the court
said that all the essential incidents of trial by jury as it
existed at the time of the adoption of the constitution are
protected by the guaranty. In *Lommen v. Minneapolis Gas-
light Co.*, 65 Minn. 196, 68 N. W. 53, 60 Am. St. 450, 33
L. R. A. 437, it was said that the three essential attributes
of a jury trial are numbers, impartiality, and unanimity.

In *State ex rel. Mullen v. Doherty*, 16 Wash. 382, 47

Pac. 958, 58 Am. St. 39, the principal question presented was whether a party was entitled to a jury trial in a *quo warranto* proceeding. Preliminary to giving a negative answer to that question, it was said that "the right of trial by jury as it existed in the territory at the time when the constitution was adopted should be continued unimpaired and inviolate." Elliott, J., speaking for the court in *Anderson v. Caldwell*, 91 Ind. 451, 46 Am. Rep. 613, said that "matters of practice may always be changed and regulated by the legislature." In *Reese v. Knott*, 3 Utah 451, 24 Pac. 757, cited by appellant, it is held that the statute of the territory of Utah, providing that only taxpayers shall be eligible to jury service, is violative of the seventh amendment to the Federal constitution. The court in that case says *arguendo* that, if the legislature may require the juror to be a taxpayer, it may say that, before he is eligible he shall be worth $10,000, and that if the power to so fix the qualification is once conceded, it can be extended so as to become oppressive. We do not agree with either the conclusion or the reasoning of the court. We entertain no doubt that the standard of qualification for jury service might be so raised as to be subversive of the right of trial by jury. We think that the logic of the cases is that the *right* to a jury trial shall remain inviolate where the right existed when the constitution was adopted; that the term "jury" signifies a body of twelve impartial men, peers of the parties, and that the guaranty is that these essential features cannot be taken away by the law-making power. This, we think, has been the construction from the beginning. The legislature, in harmony with this view, has from time to time changed the qualifications of jurors, but has always preserved the essential and fundamental features of the jury system as we had it when the constitution was adopted. This, we think, satisfies the guaranty. See, also, 24 Cyc. 187.

The testimony of the state shows that the act charged was committed in a barn between the hours of ten and eleven

o'clock p. m., and that three boys were present. One of the boys was permitted to testify that, immediately after the crime charged had been committed and at the same place, the defendant. attempted to commit a similar indecent act upon him. The admission of the latter testimony is assigned as error. "Evidence of another and distinct crime is admissible if it was committed as part of the same transaction, and forms a part of the *res gestae.*" 12 Cyc. 407. In *State v. Gainor*, 84 Iowa 209, 50 N. W. 947, the defendant was prosecuted on a charge of murder in the first degree, and convicted of manslaughter. The witness testified that, immediately after the shooting, the defendant pointed his pistol at another party. The court held that the evidence "was essentially a part of the *res gestae*," and competent. See, also, Wigmore, Evidence, § 218; *People v. Mead*, 50 Mich. 228, 15 N. W. 95; *Wilkerson v. State*, 31 Tex. Cr. 86, 19 S. W. 903; *Blanton v. State*, 1 Wash. 265, 24 Pac. 439; *State v. Craemer*, 12 Wash. 217, 40 Pac. 944; *State v. Burton*, 27 Wash. 528, 67 Pac. 1097; *State v. Gottfreedson*, 24 Wash. 398, 64 Pac. 523. In the *Wilkerson* case, the appellant was convicted of the murder of his wife. The state was permitted to prove that, immediately after killing his wife and within forty steps of her dead body, the defendant shot and killed another person. The court said that the evidence of the second killing was competent as *res gestae.*

The appellant cites, in support of this assignment, *Buell v. Aberdeen State Bank*, 58 Wash. 407, 108 Pac. 951, and *State v. Oppenheimer*, 41 Wash. 630, 84 Pac. 588. The objectionable evidence in these cases was not a part of the *res gestae.* We think the second act was admissible as a concomitant part of the criminal act charged in the information.

During the examination of one of the state's witnesses, a boy thirteen years of age, objections were several times interposed on the ground that the questions were leading. In ruling upon the objections, the court remarked: "Oh, the boy is only thirteen years of age." "This is a very young.

witness, remember." "You can ask leading questions of a witness who is only thirteen years old." These remarks, it is said, are comments on the facts within the meaning of art. 4, § 16, of the constitution. We cannot accede to this view. The court was speaking to counsel, and had a right to assign a reason for his ruling. The boy had testified that he was only thirteen years of age, and there was no other testimony on that subject. In *State v. Gohl*, 46 Wash. 408, 90 Pac. 259, this court remarked upon the distinction between technical and prejudicial error. It said that the instructions "manifestly do comment on the facts, but erroneous instructions do not necessitate a reversal unless they tend in some manner to prejudice a party's cause before the jury;" and that a party was not prejudiced by a mere statement of an uncontroverted fact. It was further said that trial judges should scrupulously avoid such comment, but that appellate courts cannot reverse a judgment for error without prejudice. See, also, *State v. Belknap*, 44 Wash. 605, 87 Pac. 934. In *State v. Surry*, 23 Wash. 655, 63 Pac. 557, the court, speaking to the constitutional provision here invoked, said:

"But we do not think it was intended by this provision to prevent the judges from giving counsel the reasons for their rulings upon questions presented during the progress of a trial, or to prohibit them, in all cases, from stating, when necessary, the facts upon which they base their conclusions."

*State v. Hyde*, 20 Wash. 234, 55 Pac. 45; *State v. Crotts*, 22 Wash. 245, 60 Pac. 403; *State v. Thield*, 36 Wash. 365, 78 Pac. 919; *State v. De Pasquale*, 39 Wash. 260, 81 Pac. 689, and *State v. Phillips*, 59 Wash. 252, 109 Pac. 1047, cited by the appellant, were decided upon facts so dissimilar that they are not in point.

In *Hicks v. United States*, 2 Okl. Cr. 626, 103 Pac. 873, cited by the appellant, one Fred Warren was the only witness who connected the defendant with the crime charged. During his cross-examination, the trial judge interrupted counsel

and, among other things, said: "That boy is all right." At another time the judge said to the witness while still upon the witness stand: "After the trial is all over, I want to see you and your father in my room." The conduct of the judge was of course held to be error. Further comment on the case is unnecessary.

There is no merit in the assignment that the evidence is insufficient to support the verdict. Two boys who were eye-witnesses to the crime testified positively to its commission. A discussion of the evidence would be neither profitable nor edifying.

The state suggests that the appellant was sentenced under the wrong statute, and that he should have received a heavier sentence. That question cannot be reviewed on this appeal. The judgment is affirmed.

RUDKIN, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.