[No. 10595.   Department One.   February 19, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. B. J. MILLER, *Appellant*.[1]

INTOXICATING LIQUORS—LOCAL OPTION — DELEGATION OF LEGISLA-
TIVE POWERS.   The local option law is not an unwarranted delega-
tion of legislative power to the electors of the various local option
units.

WITNESSES—IMPEACHMENT — COMPETENCY OF WITNESS.   An im-
peaching witness is not qualified to testify as to the reputation for
truth and veracity of another, where he did not know him and
merely prosecuted an inquiry for seven days, making inquiry of
forty or fifty people.

CRIMINAL LAW—TRIAL—INSTRUCTIONS—COMMENT ON FACTS.   In a
criminal prosecution, a request to instruct that the evidence of de-
tectives or police officers must be closely scrutinized and weighed
with great care, owing to the nature of their business and the ten-
dency to overdraw their testimony, is properly refused; as the same
would have been unlawful comment upon the evidence in violation
of Const., art. 4, § 16.

APPEAL—REVIEW—RECORD.   Objection to costs cannot be urged
on appeal, where the record fails to show what disposition, if any,
was made of a motion to retax costs.

Appeal from a judgment of the superior court for Lincoln
county, Baske, J., entered September 25, 1911, upon a trial
and conviction of selling intoxicating liquors in violation of
the local option law.   Affirmed.

*Martin & Wilson*, for appellant.

*James S. Freece* and *C. A. Pettijohn*, for respondent.

PARKER, J.—The defendant was convicted in the superior
court for Lincoln county of selling intoxicating liquor in the
city of Davenport, while that town was a unit within which
the sale of intoxicating liquor was prohibited by virtue of
an election held therein under the local option law.   Laws
1909, p. 153; Rem. & Bal. Code, § 6292, and following.   He
has appealed to this court.

[1]Reported in 130 Pac. 356.

It is first contended by counsel for appellant that the local option law is unconstitutional and void, in that it constitutes an unwarranted delegation of legislative power to the electors of the various units defined by the law. This contention is fully answered in favor of the prosecution by our decision in *State v. Donovan,* 61 Wash. 209, 112 Pac. 260, and cases there cited.

It is contended that the court erred in excluding the offered testimony of the witness Kelly, as to the reputation for truth and veracity of the witness Butler who had testified for the prosecution. This offered testimony was excluded upon the ground that the witness Kelly did not show himself qualified to testify as to the reputation of the witness Butler. Kelly testified concerning his knowledge of Butler as follows:

"Q. Do you know where this man lives, where he makes his home? A. I don't know where his home is. I know where he stopped in Spokane. Q. How long have you known him? A. Several days while I was looking him up. Q. About how many days were you looking him up? A. Along about the first of the month up until the time he was arrested. Q. How many days? A. About seven days. . . . Q. And you were employed by some one to look him up, were you? A. I was asked by the sergeant of detectives to go out and look him up. . . . Q. How many people did you ask about him? A. Forty or fifty. . . . Q. This inquiry extended over a period of about seven days? A. Yes, sir. Q. And you asked these people what they knew about him, and from what they told you, after you made inquiry about him, as to where he was and what he was, you arrived at your conclusion as to his reputation? A. Yes, sir."

We are of the opinion that this does not show such an acquaintance with Butler's reputation as to qualify Kelly to testify relative thereto. In the text of 40 Cyc., at page 2630, it is said:

"A stranger sent out by one party to learn the character of a witness of the other party should not be permitted to testify as to the result of his inquiries."

This rule seems to be fully supported by the decisions. In the case of *Curtis v. Fay*, 37 Barb. 64, the court said:

"The witness Pritchard was not qualified to testify in relation to Jones' character or reputation. He did not know, himself, anything about Jones' reputation. All he could testify on the subject of his reputation was what some persons at Geneva, whom he did not know, told him it was. An impeaching or sustaining witness is not to speak of the reputation unless he knows it, and such knowledge must be founded upon an acquaintance and intercourse with the neighbors and acquaintances of the individual whose character is in question, and that intercourse must be of some length of time—sufficient at least, to enable him to gather the general estimation in which he is held in the community where he resides."

See, also, *Reid v. Reid*, 17 N. J. Eq. 101; *Clapp v. Engledow*, 72 Tex. 252, 10 S. W. 462. Our decision in *Bringgold v. Bringgold*, 40 Wash. 121, 82 Pac. 179, is in harmony with this view.

The prosecution relied for conviction principally upon the testimony of two witnesses who, for the sake of argument, we may regard as detectives. Counsel for appellant requested the court to instruct the jury as follows:

"You are instructed that if you find from the evidence that any detective or police officer has given testimony herein, under the law you are to weigh the testimony of such witnesses with great care and to closely scrutinize the same, owing to the nature of their business and the almost unavoidable tendency of such witnesses to overdraw their testimony."

The refusal to give this instruction is assigned as error. There might possibly be some ground for the giving of such an instruction in jurisdictions where the court may comment upon the facts, though even in such jurisdictions we think that the giving of such an instruction would be within the discretion of the trial court, with which the appellate court would not interfere. Section 16, art. 4, of our constitution, provides:

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

This provision is contained in substance in the statutes of Texas, and disposing of a similar question in *Copeland v. State*, 36 Tex. Cr. 575, 38 S. W. 210, the court of criminal appeals said:

"We think the court did not err in refusing to give this instruction. It singles out two witnesses and charges upon the weight of the evidence, and calls the attention of the jury specially to these facts, as weighing upon their credibility. We know of no statute in our state that authorizes the court to single out a particular witness, and charge upon the weight of his testimony, except in cases of perjury and in those cases where the state relies upon the testimony of an accomplice. In all cases the courts are prohibited from commenting upon the weight of the testimony of witnesses, and inhibited from charging upon the weight of a particular witness or class of witnesses, unless that power is conferred by the statute; and, wherever those statutes create, or give that power, they constitute exceptions to the general rule, prohibiting the court from charging upon the weight of the evidence. The two witnesses referred to in this case are not accomplices. They were simply employed as detectives to ferret out that character of violations of the law about which they testified, to-wit: Gambling and violations of the whiskey law. See, *Muely v. State*, 31 Tex. Crim. Rep. 155."

A similar question, raised under the Montana statute, was disposed of by the supreme court of that state in harmony with this view, in *State v. Paisley*, 36 Mont. 237, 92 Pac. 566; *Hronek v. People*, 134 Ill. 139, 24 N. E. 861, 23 Am. St. 652, 8 L. R. A. 837. It seems clear to us that the giving of the requested instruction would have been a comment upon the facts, and in direct violation of our constitutional provision above quoted.

Some contention is made upon the sufficiency of the evidence to sustain the verdict. We deem it sufficient to say that we have read the entire evidence brought here in the statement of facts, and are satisfied that we would not be warranted in interfering with the conviction upon the ground of this contention.

Some contention is made against some small items of cost charged against appellant in the cost bill. While we find in the record a motion to retax costs on the part of appellant, we do not find any disposition made thereof by the trial court. We therefore think the question is not properly before us for consideration.

Other contentions made by counsel for appellant we think are wholly without merit, and are not such as call for further discussion.

The judgment is affirmed.

CROW, C. J., and MOUNT, J., concur.

GOSE, J. (concurring)—I think the requested instruction cautioning the jury to weigh the testimony of a detective with care and to give it close scrutiny goes further than the law would warrant. Had it stopped with this caution I would think its refusal was error. The closing words, however, "owing to the nature of their business and the almost unavoidable tendency of such witnesses to overdraw their testimony" are a comment on the facts and inhibited by art. 4, § 16, of the constitution. I therefore concur.

CHADWICK, J., concurs with GOSE, J.