[No. 18410.    En Banc.    December 26, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v.
O. M. THOMPSON, *Appellant*.[1]

CRIMINAL LAW (103, 107)—EVIDENCE—RES GESTAE—OTHER OF-
FENSES. In a prosecution for burglarizing a jail, evidence of the ac-
cused's prior incarceration therein whereby he obtained information
of the property stolen, is not inadmissible as evidence of a prior in-
dependent offense, but is admissible as part of the *res gestae*.

SAME (446)—APPEAL—HARMLESS ERROR—CROSS-EXAMINATION. Er-
ror cannot be assigned on the improper scope of cross-examination
where there was no abuse of discretion.

SAME (268, 276)—INSTRUCTIONS—COMMENT ON FACTS—ALIBI. It
is comment on the evidence, prohibited by Const., Art. 4, § 16, for
the court to instruct the jury that the defense of an alibi is one
easily fabricated, easy to prove and hard to disprove.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered August 7, 1923, upon
a trial and conviction of burglary. Reversed.

*Wilmon Tucker, Walter Metzenbaum,* and *William
R. Bell,* for appellant.

*Malcolm Douglas, Bert C. Ross,* and *Chester A.
Batchelor,* for respondent.

MACKINTOSH, J.—The appellant is dissatisfied with
the trial, which resulted on his conviction of burglariz-
ing a jail, and asks for another, freed from the errors
of which he complains.

(1) Evidence of a prior independent offense com-
mitted by the appellant was improperly admitted, no
connection having been established between the crime
of which the appellant is here charged and the other
offense. This is the appellant's first assignment of
error. The record, however, does not substantiate this
assignment, for it appears therefrom that the other

[1]Reported in 231 Pac. 461.

independent offense of which complaint is made was so interwoven with the offense with which the appellant was on trial that evidence in regard to it was properly admissible. In order to establish the appellant's guilt, evidence was introduced showing that he obtained a knowledge of the presence in the jail of the property which he is charged with having stolen while he was incarcerated in the jail as a prisoner, and that, after his release from custody, he subsequently returned to the jail to obtain the property, the location of which he had observed. The testimony that he was a prisoner does not come within the holdings of this court that evidence of other crimes is not admissible, for, as we have noted, the two acts were not so separate and distinct that it is improper to allow testimony of one on the trial of a defendant for the other. The former imprisonment became part of the *res gestae* of the offense charged in the case before us.

(2)   The second assignment is that improper cross-examination was allowed of two of the appellant's witnesses. The impropriety urged is that the cross-examination was not limited to matters brought out on direct examination. It is unnecessary to recite the rather complicated situation in which the issue became involved, but an examination of the testimony makes it clear that the cross-examination was proper and there was no abuse by the trial court of its discretion in allowing it to take the scope which it finally assumed.

(3)   The third assignment refers to an incident occurring during the trial which it is needless to notice, as a new trial is to be granted and the incident will not occur on a re-trial.

(4)   This assignment arises from the giving of an instruction to the jury as follows: "The law recognizes that the defense of an alibi is one easily fabricated, easy to prove and hard to disprove." Authorities

are cited from many states, including Michigan, Iowa, Alabama, California, sanctioning such an instruction. The same sort of instruction has been held to be prejudicially erroneous in many states, including Indiana, South Carolina, Nebraska, Florida, New York, Mississippi, Missouri, Oregon and Texas. A superficial examination of these authorities and the constitutional provisions in the various states seems to indicate that no state has a constitutional provision so strict as ours in regard to the prohibition of the right of the court to comment on the facts. Article 4, § 16, of our constitution, reads: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." Of course, in states where there is no such prohibition at all, an instruction such as the one complained of here might be proper. But even in such states the instruction seems to have been repudiated on the ground that it was an improper statement of either fact or law. But a superficial examination of these authorities is only made as a matter of interest, for this court has already so often decided this exact point that an examination of outside authorities is unnecessary. The following cases have dealt with and condemned instructions which violated the constitutional provision above quoted: *State v. King,* 50 Wash. 312, 97 Pac. 247, 16 Ann. Cas. 322; *State v. Miller,* 72 Wash. 174, 130 Pac. 356; *State v. Shaw,* 75 Wash. 326, 135 Pac. 20; *Gianini v. Cerini,* 100 Wash. 687, 171 Pac. 1007; *State v. Smith,* 103 Wash. 267, 174 Pac. 9; *State v. Palmer,* 104 Wash. 396, 176 Pac. 547; *State v. Siebenbaum,* 105 Wash. 157, 177 Pac. 669; *Allison v. Bartelt,* 121 Wash. 418, 209 Pac. 863; *State v. Ito,* 129 Wash. 402, 225 Pac. 63.

In *State v. Miller, supra,* an instruction commenting upon the weight of the testimony of a police officer and

telling the jury to closely scrutinize such testimony was passed upon, the court saying:

"There might possibly be some ground for the giving of such an instruction in jurisdictions where the court may comment upon the facts, though even in such jurisdictions we think that the giving of such an instruction would be within the discretion of the trial court, with which the appellate court would not interfere."

In *Gianini v. Cerini, supra,* this language appears:

"The court was asked to charge, in varying forms of words, that casual statements made in random conversations and testified to by by-standers or listeners should be scrutinized with great caution and are the weakest character of evidence. In view of the constitutional inhibition against comment on the facts by the trial judges in their charge to juries, it has not been the policy of this court to encourage the giving of cautionary instructions. There are very few classes of evidence of any kind in which inherent weakness may not be found in the light of the facts of a particular case, and it would open the door to serious abuses to permit *nisi prius* judges, under the guise of cautioning the jury, to express their views concerning the weight and probative force of testimony. Such practice, if much indulged in, would seriously trench upon the constitutional right of trial by jury, and make easy the accomplishment of the very evils sought to be guarded against."

In *State v. Smith, supra,* we said:

"    .    .    .    it is not proper for the court to violate the constitutional prohibition against commenting upon the evidence by instructing the jury that it should regard the testimony of any class of witnesses with caution or suspicion."

In *Allison v. Bartelt, supra,* is this declaration:

"In one of the requests the court was asked to charge the jury in effect that verbal admissions, which had been testified to by certain of the witnesses, were

evidence which should be subjected to careful scrutiny, as no class of evidence was more subject to error or abuse. There was more in the instruction requested to the same effect. To have given the request would have been error.     .     .     "

As evidence of the strictness with which this court has adhered to the constitutional inhibition, the following cases are of interest: *State v. Hyde,* 20 Wash. 234, 55 Pac. 49; *State v. Crotts,* 22 Wash. 245, 60 Pac. 403; *State v. Vance,* 29 Wash. 435, 70 Pac. 34; *State v. Glindemann,* 34 Wash. 221, 75 Pac. 800, 101 Am. St. 1001; *State v. Thield,* 36 Wash. 365, 78 Pac. 919; *State v. De Pasquale,* 39 Wash. 260, 81 Pac. 689; *Patten v. Auburn,* 41 Wash. 644, 84 Pac. 594; *Schneider v. Great Northern R. Co.,* 47 Wash. 45, 91 Pac. 565; *Spencer v. Arlington,* 49 Wash. 121, 94 Pac. 904; *State v. Jackson,* 83 Wash. 514, 145 Pac. 470; *Eckhart v. Peterson,* 94 Wash. 379, 162 Pac. 551; *State v. Warwick,* 105 Wash. 634, 178 Pac. 977; *State v. Herwitz,* 109 Wash. 153, 186 Pac. 290; *Spokane v. Dale,* 112 Wash. 533, 192 Pac. 921; *Gobel v. Finkelberg,* 118 Wash. 301, 203 Pac. 65.

For this error the appellant is entitled to a new trial. The judgment is reversed and the cause remanded.

MAIN, C. J., BRIDGES, PARKER, HOLCOMB, TOLMAN, PEMBERTON, and MITCHELL, JJ., concur.