## JOHN J. EMANUELSON v. JOHN P. JOHNSON AND ANOTHER.[1]

### April 15, 1921.

### Nos. 22,121, 22,122.

**Negligence of automobile driver — question for jury.**

1. In this, an action to recover damages for injuries sustained by plaintiff as the result of being struck by an automobile driven by the daughter of the head of the family, evidence considered and *held* sufficient to warrant the court in submitting the issue as to both defendants to the jury and to sustain the verdict.

**Refusal to give requested instructions.**

2. The general charge covered the issue as to both defendants fully, and there was no reversible error in the refusal to give the defendants' first and fifth requested instructions.

Action in the district court for Chisago county to recover $5,065 for personal injuries. The separate answers alleged contributory negligence on the part of plaintiff. The case was tried before Johnson, J., of the First judicial district, who at the close of the testimony denied defendant

[1] Reported in 182 N. W. 521.

148 M.—27.

J. P. Johnson's motion for a directed verdict in his favor for the reasons that the testimony failed to show any ownership of the automobile on the part of defendant, and that the testimony failed to show that defendant Esther Johnson was in any way acting as agent of defendant J. P. Johnson, and a jury which returned a verdict for $1,565. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant John P. Johnson appealed. From an order denying her motion for a new trial, Esther Johnson appealed. Affirmed.

*S. G. L. Roberts* and *John F. Dahl,* for appellants.

*Alfred P. Stolberg* and *George H. Sullivan,* for respondent.

QUINN, J.

Action to recover for personal injuries sustained by plaintiff as the result of being struck by an automobile driven by the defendant Esther Johnson. Plaintiff recovered a judgment for $1,565. Defendant John P. Johnson moved for judgment or a new trial. Esther Johnson made a motion for a new trial. From an order denying such motions both defendants appeal.

The defendant John P. Johnson resides with his wife upon a farm about one mile from the railroad station at the village of Rush City in this state. They have a large family of grown boys and girls, including the defendant Esther, who was 24 years of age at the time of the accident complained of. She was a school teacher by occupation, but made her home with her parents during school vacations. The father had kept an automobile, which was used generally by the members of the family as occasion might require, until a few days before the time of the accident, when he sold and disposed of the same. He did not own one at the time of the accident. The defendant Esther had returned home for her June vacation. Her married sister, Mrs. Bergquist, with her husband and child, were at the parental home on a visit for a few days. On June 17, 1918, they were about to return home by train. The father kept a horse and light wagon, and suggested taking them to the station in time for the train. He was about to start for the creamery, when Esther asked him to stop at Stauffer's, a near neighbor, on his way, and ask Mr. Stauffer if she might borrow his car to take the Bergquists to the station. Accordingly the father inquired of Mr. Stauffer whether Esther

might borrow his car for that purpose, to which Mr. Stauffer assented. Upon his return the father informed Esther of the reply. When the time arrived for going to the station, Mr. Bergquist went over to Stauffer's for the car, returned with it to the Johnson home, and Esther, the Bergquists and Mrs. Stauffer proceeded to the station, Mr. Bergquist driving the car.

Fourth street is 50 feet between curbs and extends east and west across the railway track. The platform and depot are immediately north of the street on the east side of the railroad track. The train pulled in to the station from the south and stopped so that the rear end of the last coach was about in the middle of the street.

There is testimony in the record tending to show that the automobile stopped near the curb on the north side of the street, fronting west toward the railroad track some 15 or 20 feet from the coach. After the Bergquists had left the automobile to take their train, Mrs. Stauffer and Esther started home, Mrs. Stauffer sitting at the right in the front seat, and the defendant Esther driving the car; they proceeded to turn to the left, passing along parallel with the side of the coach and about four or five feet distant therefrom. Respondent contends that when the front of the automobile was about even with the rear end of the coach it struck him and he fell upon the east rail of the track, immediately back of the coach, receiving the injuries complained of.

.It is contended on behalf of the plaintiff and there was testimony offered upon the trial tending to show, that while the automobile was standing near the curb he started from the depot platform, going south along the east side of the coach, and that, when he was near the south end thereof, the automobile overtook and struck and threw him onto a rail of the track, thereby causing the injuries complained of. Upon the other hand, Mrs. Stauffer and the defendant who was driving the car testified that, while they were passing along parallel with the coach, there was no one in front of their car, and that they first saw plaintiff immediately at the rear end of the coach as he turned and fell upon the track. There was other testimony corroborating defendants' theory as to how the accident occurred.

The majority of the court are of the opinion that the testimony was sufficient to warrant the trial court in submitting the issues as to the lia-

bility of both defendants to the jury, and that it amply sustains the verdict. The plaintiff contends that the father is liable, under the rule that, where the head of a household provides an automobile for the use of the family, he is responsible for its negligent use by a member thereof. The writer is unable to concur in the opinion of the majority insofar as it relates to the liability of the defendant John P. Johnson, for the reason that the record does not present a case involving this doctrine. The undisputed evidence is that, as Esther's father was leaving for the creamery, she, upon her own initiative, requested him to ask Mr. Stauffer if she might borrow his car to take her sister and family to the station, a distance of about one mile. Being informed that she might have the car for such purpose, Mr. Bergquist, her brother-in-law, procured the car, drove it to the station, and he and his family started home. Esther and the wife of the owner of the car started homeward. The father never had possession of or control over the car, nor did he have control over his daughter, in the sense of telling her what to do with the car or how to operate it. She was 24 years of age, borrowed the car on her own responsibility, was operating it at a speed not faster than a walk, with the wife of the owner sitting with her in the car. To hold that the daughter was the agent of the father so as to render him liable for her torts under and by reason of such facts, is going quite a step beyond the rule stated in Johnson v. Smith, 143 Minn. 350, 173 N. W. 675, and in my opinion requires an elastic construction far beyond reason and the requirements of the record in this case. The father was not in the habit of driving a car except when necessity required. He had suggested taking his daughter and her family to the station with his horse and wagon, the only conveyance he had. He owed them no further duty. He did not attempt to do more. The car was not borrowed for his use, nor for the purpose of performing any duty which he owed to his family. The distance was only about a mile and his conveyance was sufficient for the occasion. The daughter Esther did not appear to be quite satisfied with the horse and buggy and borrowed an automobile.

The issues were fully covered by the general charge and we find no re-

versible error in the refusal to give the defendants' first and fifth requested instructions.

Affirmed.

BROWN, C. J. (concurring).
I concur in the views expressed by Justice Quinn.