WILLIAM R. LINCH, APPELLEE, v. GEORGE DOBSON ET AL., APPELLANTS.

FILED MAY 17, 1922. NO. 21991.

1. **Master and Servant:** AUTOMOBILE COLLISION: LIABILITY. Where a father has furnished an automobile for the customary convenience and pleasure of his family, the car being intended especially for the use of the wife, but which the son is allowed to take when the wife is not using it, *held*, where the son was driving the car for his own pleasure, unaccompanied by any other members of the family, and through negligence in the operation of it caused damage to another, that the father was liable to the person damaged, under the doctrine of *respondeat superior*.

2. ——: ——: ——. Where the son lives at home with his parents and is supported there and is subject to parental control

as a member of the family, the fact that he is over 21 years of age does not alter the rule.

3.  Evidence upon the issue of negligence examined, and *held* to support the verdict, within the application of the comparative negligence rule.

4.  Damages *held* not excessive.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Affirmed.*

*C. M. Skiles,* for appellants.

*Burkett, Wilson, Brown & Wilson, contra.*

Heard before DEAN, ROSE, DAY and FLANSBURG, JJ.

FLANSBURG, J.

This was an action by the plaintiff, Linch, to recover for the damages which were caused to his automobile in a collision with a car, driven by the defendant Paul Dobson. The action was brought against Paul Dobson and his father, George Dobson, the latter being the owner of the car. The verdict and judgment was against both defendants and in favor of the plaintiff. Both defendants appeal.

Defendants contend that the evidence is insufficient to show such negligence on the part of the defendant Paul Dobson which, compared with the negligence of the plaintiff, would sustain a verdict in favor of the plaintiff under the comparative negligence rule. Such of the testimony as was more favorable to the plaintiff, and which, it must be assumed, was followed by the jury, since the general finding was for the plaintiff, shows that the plaintiff, just prior to the accident, was driving north on Fifty-sixth street in the city of Lincoln uphill and over a rough dirt road, and was approaching South street, which extends east and west, is paved with brick, and is a street upon which there is considerable traffic; that at the southeast corner of the intersection of these two streets was a store building, and that as the plaintiff was about to pass in front of the store building he looked beyond it toward the east and saw defendant's car a quarter of a mile distant, coming down

the hill on South street toward Fifty-sixth street; that after plaintiff, driving at about 15 miles an hour, had proceeded north on Fifty-sixth street until he had passed the store, he looked again and saw the defendant at that time some 400 to 600 feet distant. Believing that he had plenty of time to cross South street, he proceeded to cross before he realized, he said, the speed at which the defendant was driving. He now estimates the speed at 60 miles an hour. The undisputed testimony shows that the Dobson car, after the brakes were set, slid on its wheels for a distance of over 55 feet; that when it neared the plaintiff's car it was turned slightly to the right, in an apparent effort to avoid collision, and the two cars struck sideways; that the Dobson car continued to slide for a short distance and then toppled over in a westerly direction, being the direction in which it had been going. The plaintiff's car was, by the collision, deflected to the west, and, before it could be controlled, ran into a small frame building, standing on the northwest corner of the intersection. Plaintiff says that the defendant Paul Dobson had with him a young lady, and that they were so close behind the wheel that he believed the young lady was doing the driving. The testimony above referred to is, in most particulars, in direct contradiction to the testimony introduced by the defendant, but, under the plaintiff's version of the case, as above outlined, we are unable to say, as a matter of law, that the case should have been taken from the jury, nor that the plaintiff's evidence is insufficient, under the comparative negligence rule, to support the verdict.

The defendant George Dobson contends that he is not liable, for the reason that the car was being used by his son, for the private purposes and pleasure of the son, and not as an agent for the father. The testimony shows that Mr. George Dobson owned two cars, a larger car and the car which was being driven by Paul Dobson at the time of the accident, a Willys-Knight coupé. Both cars had been purchased and were kept for family use. Though it appears that the coupé was bought especially for the use of

Mrs. Dobson, Paul was allowed to use it when it was not otherwise wanted, but he was supposed to ask permission. The testimony shows that he had driven the car on a number of other occasions and when no other members of the family were present with him. In the particular instance in question he did not affirmatively ask permission of his mother to use the car; neither is there anything to show that he would have been denied the right had he asked it. It further appears that Paul was 22 years of age. He was, however, living at home as a member of the family and under parental control. In this case, the father's control over the son and the privilege of the son to the use of the car were, in no particular, different than had the son been a minor. The car was one which, there is evidence to show, was kept for the pleasure and convenience of the family. Though there was an understanding that the car was never to be used by Paul when his mother needed it, that is the usual rule in all families. The evidence was sufficient to raise the issue for the jury that the car was kept for family use, and that Paul, at least with what might be called the tacit acquiescence of his parents, was driving it on the occasion in question for one of the purposes for which it was kept—his own pleasure.

The defendant George Dobson especially complains, since Paul had no other member of the family with him, but was using the car for his own individual pleasure, that the car was not being used for a strictly family purpose, and that Paul could not, in the particular instance, have been acting as agent for his father, nor in furtherance of his father's interests.

The courts are divided on the so-called "family purpose" doctrine. This court, however, by the decision in *Stevens v. Luther*, 105 Neb. 184, is committed to that rule. Where the head of a family has purchased or maintains a car for the pleasure of his family, he is, under the so-called "family purpose" doctrine, held liable for injuries inflicted in the negligent operation of the car while it is being used by members of the family for their own

pleasure, on the theory that it is being used for the purpose for which it is kept, and that in operating it the member of the family is acting as the agent or servant of the owner. The rule, and the reason for it, is nowhere better stated than in the case of *King v. Smythe,* 140 Tenn. 217, L. R. A. 1918 F, 293, where the court say:

. "If a father purchases an automobile for the pleasure and entertainment of his family, and, * * * gives his adult son, who is a member of his family, permission to use it for pleasure, except when needed by the father, it would seem perfectly clear that the son is in the furtherance of this purpose of the father while driving the car for his own pleasure. It is immaterial whether this purpose of the father be called his business or not. The law of agency is not confined to business transactions. It is true that an automobile is not a dangerous instrumentality so as to make the owner liable, as in the case of a wild animal loose on the streets; but, as a matter of practical justice to those who are injured, we cannot close our eyes to the fact that an automobile possesses excessive weight, that it is capable of running at a rapid rate of speed, and, when moving rapidly upon the streets of a populous city, it is dangerous to life and limb and must be operated with care. If an instrumentality of this kind is placed in the hands of his family by a father, for the family's pleasure, comfort, and entertainment, the dictates of natural justice should require that the owner should be responsible for its negligent operation, because only by doing so, as a general rule, can substantial justice be attained. A judgment for damages against an infant daughter or an infant son, or a son without support and without property, who is living as a member of the family, would be an empty form. The father, as owner of the automobile and as head of the family, can prescribe the conditions upon which it may be run upon the roads and streets, or he can forbid its use altogether. He must know the nature of the instrument and the probability that its negligent operation will produce injury and damage to others."

Linch v. Dobson.

Even in those states where the "family purpose" doctrine obtains, there is still a division of authority upon the question of whether or not a child, a member of the family, in using the car for his own individual pleasure, is, within the meaning of the rule, operating the car for a family purpose. We, however, can see no reason for a distinction, whether the car is being used for the pleasure of two or more members of the family, or is being used by a single member of the family for his individual pleasure alone. That such a distinction exists has, by the decisions of other courts, been denied. *Crittenden v. Murphy,* 36 Cal. App. 803; *Birch v. Abercrombie,* 74 Wash. 486; *Johnson v. Smith,* 143 Minn. 350; *King v. Smythe, supra; Davis v. Littlefield,* 97 S. Car. 171; *Miller v. Weck,* 186 Ky. 552; and see notes 5 A. L. R. 226, and 10 A. L. R. 1449.

Where the car is kept for the use and pleasure of the family, and one member of the family is using it for his individual pleasure, or for one of the family purposes for which it is kept, it comes strictly within the reason of the rule that, in such use, the member of the family is acting as the agent, in furthering the purposes of the owner, as truly as though other members of the family were in the car with him, and that the owner can be held responsible for damages resulting from the negligent operation of the car while so used.

It is next contended that the verdict of $1,000 is excessive. Plaintiff had a Cadillac car, practically new. Two wheels were broken; the fender and the running board had to be replaced; the frame of the car was sprung; the body was so dented that the doors would not shut; and the supports for the top were broken. The difference in the value of the car before and after the accident, as shown by the testimony of plaintiff's witnesses, ranged from $1,000 upwards. The verdict of $1,000, as it appears to us, was clearly within the scope of this testimony.

The judgment of the district court is therefore

AFFIRMED.