Submitted on briefs February 4, affirmed February 23, 1926.

# HELEN McCALLISTER, a Minor, *v.* WALTER H. FARRA et al.

(243 Pac. 785.)

**Automobiles—Conflicting Testimony as to Son's Use of Automobile With Father's Permission Held for Jury.**

1. In action against owner of car for injuries caused by son in automobile accident, explanation and version of defendants as to son's use of car with father's permission, in so far as they varied from testimony of plaintiffs, was for consideration of the jury.

---

1. Liability of parent owning car for act of child driving it, see notes in Ann. Cas. 1914C, 1091; Ann. Cas. 1916A, 661; Ann. Cas. 1917D, 1002; Ann. Cas. 1918E, 1137.

Liability where automobile is being used by a member of owner's family, see notes in 41 L. R. A. (N. S.) 775; 50 L. R. A. (N. S.) 59; L. R. A. 1916F, 223; L. R. A. 1917F, 365.

**Automobiles—Evidence as to Son's Use of Automobile Held for Jury.**

2.   In action against owner of automobile for injuries caused when son was driving car, admissions of defendant owner and testimony in the case relative to son's driving car with permission of his father *held* sufficient to take case to jury.

**Evidence—Evidence of Defendant's Offer to Pay Injured Person's Doctor Bills Admissible to Show an Admission of Liability, and Did not Indicate Offer of Compromise.**

3.   In action for injuries brought against owner of automobile which was driven by owner's son, evidence as to offer to pay plaintiff's doctor bills and hospital fees *held* competent to show an admission of liability, and did not indicate offer of compromise.

**Automobiles—Testimony as to Driving of Automobile by Members of Owner's Family Competent.**

4.   In action against owner of car for injuries inflicted by his son, testimony of plaintiff in respect to driving of defendant's car by different members of his family *held* competent as indicating kind of use made of car.

**Automobiles—Instructions on Law as to Equipment and Speed of Automobile Held Germane to Issues and Testimony (Laws 1921, p. 707, § 2, Subd. 18, and § 3).**

5.   In action for injuries caused by automobile, instruction relative to requirements of Laws of 1921, page 707, Section 2, subdivision 18, and Section 3, concerning brakes and speed of car, *held* germane to issues and testimony.

Appeal and Error, 4 C. J., p. 1129, n. 60.
Evidence, 22 C. J., p. 301, n. 53, p. 308, n. 76.
Motor Vehicles, 28 Cyc., p. 34, n. 88, p. 47, n. 20, p. 48, n. 39, p. 49, n. 49.
Trial, 38 Cyc., p. 1557, n. 24, p. 1579, n. 41.

From Josephine: C. M. Thomas, Judge.

In Banc.

This is an action to recover damages for personal injuries, which plaintiff alleges she received by being struck by an automobile belonging to the defendant Walter H. Farra, and driven by his son, defendant Herman Farra. Judgment went for plaintiff and defendants Walter H. Farra and Herman Farra have appealed. No judgment was rendered against defendant Effie Farra, and her name as defendant will be omitted.                                    Affirmed.

For appellants there was a brief over the names of *Mr. James T. Chinnock* and *Mr. Gus Newbury*.

For respondent there was a brief over the name of *Mr. O. S. Blanchard*.

BEAN, J.—The facts of the case are in part as follows: The defendant, Walter H. Farra, was, in 1922, the owner of a Dodge touring car. He lived upon a ranch about ten miles south of Grants Pass. He and the defendant Effie Farra are husband and wife, and their son, Herman, was at the time of the accident a minor, aged about seventeen years and lived with his parents. The defendant Walter H. Farra admits that he purchased the car for convenience and business purposes. On February 22, 1922, the defendant, Herman Farra, went to his mother's ranch near Murphy, and asked his father for the use of the car to take some of his boy friends to a ball game at Murphy, about seven miles south of Grants Pass, and near the Farra ranch. The father, Walter H. Farra, gave his permission, with the understanding, as he asserts, that when the ball game was over Herman would bring the car home. The son, Herman, then drove the car to the ball game and that night went to Grants Pass, where he was attending high school, and took the boys home, and stayed all night. On February 23d he attended school, and after school invited two girl friends, who lived near the Farras to go with him in the car to the Rivoli Theater in Grants Pass. The Rivoli Theater is situated on the northeast corner of Sixth and E Streets. Herman was driving the car south on Sixth Street towards the intersection of Sixth and E Streets. As he approached the

intersection a large crowd of people came out of the theater and commenced crossing the street. Herman was proceeding at the rate of about twelve miles per hour.

The testimony in the case tended to show that this automobile was permitted by the owner to get and remain in a bad state of repair, that the foot-brake had become unserviceable, the emergency-brake would not work, and the steering gear was defective and difficult to operate; that when they would attempt to stop the car it would shoot ahead and the brakes were not sufficient to control the machine and it was difficult to turn or manage the car; that Walter H. Farra, well knowing of these defects, and that it was a dangerous instrumentality when driven on the streets or highway, nevertheless permitted his son to drive the car on the streets of Grants Pass, Oregon.

The plaintiff and two other little girls, hand in hand, were emerging from the Rivoli Treater with several hundred other people when this automobile, driven by Herman, came down the main street and instead of passing the Rivoli Theater, as many expected, suddenly turned to the left without warning and crashed into the crowd, barely missing some, scattering all, knocking down several, turned obliquely to the left again, jumped the curb next to the Rivoli Theater, impaling the plaintiff on the bumper of the car and mashing her against the concrete side of the theater building, breaking her bones, tearing ligaments and disfiguring her for life. She was struck while on the sidewalk. The owner of the car admits that his son was driving the car at the time of the accident but denies that it was a dangerous instrumentality. The issues in this case

are practically the same as those in the companion case of *Foster* v. *Farra, post,* p. 286 (243 Pac. 778), in which an opinion was this day rendered, and need not be detailed here.

When plaintiff rested her case counsel for defendant moved for a nonsuit in favor of defendants Walter H. Farra and Effie Farra. The motion was allowed as to Effie Farra and denied as to Walter H. Farra. At the close of the case counsel for defendant Walter H. Farra moved the court for a directed verdict in favor of the defendant Walter H. Farra. This motion was refused and said defendant saved an exception. Mr. and Mrs. Farra testified as witnesses in the present case. The refusal to direct a verdict for defendant Walter H. Farra necessitates an examination of the testimony.

The bill of exceptions discloses that the charge of the court to the jury was in substance the same as, and that the exceptions thereto saved by the defendant Walter H. Farra are identical with those in the case of *Foster* v. *Farra, supra.* Therefore, a reference to the law made in the other case need not be repeated here. The plaintiff in this case, Helen McCallister, a girl of the age of fourteen years, was injured in the same accident and at the same time and in the same manner as Eva Foster, plaintiff in the other case was injured. The testimony on behalf of plaintiff herein was to the same purport as in the other case and tended to support the allegations of the plaintiff's complaint. In the present case defendant Walter H. Farra testified to the effect that he bought the car for his own business and "to go whenever I have to on business * * to go to town." He further testified that

he drove the car with his wife and two sons in it; that when he had his family in the car he generally came to town after something that was needed; that he did not use the car for pleasure as he did not have time; that at the time mentioned Herman "said he wanted to get the car to take some boys to the ball game." The witness further stated:

"I told him when the ball game was over to bring the car home.

"Q. Did he?

"A. He did not bring it just that next morning I don't think; it was the day afterwards."

Tom Gainfort testified as a witness for defendants that he was employed by Mr. Farra at the time and that when Herman spoke to his father about the car the transaction between father and son was as follows:

"Tell the jury about it.

"A. Why he came out there and asked him if he couldn't have the car to take some of his friends to a baseball or basket-ball game that evening at Murphy.

"Q. What did his father say to it?

"A. Why he said he could and for him to bring the car back as soon as he could afterwards."

Mrs. Farra testified that she never drove the car.

1–3. The explanation and version of the defendants in regard to some of the circumstances in so far as they varied from the testimony of the plaintiff were for the consideration of the jury. The admissions of defendant and testimony in the case were sufficient to go to the jury. There was no error in overruling the motion for nonsuit in refusing to direct a verdict in favor of defendant Walter H. Farra.

"While the witness C. E. McLean was testifying, the following question was put to the said witness, which was objected to by the defendant, the objection overruled, and exception asked and allowed the proceedings being as follows:

"Q. Was there anything said at that time by Mr. Farra or Mrs. Farra about payment of the hospital bills and doctor bills? * *

"A. Yes.

"Q. What was it?

"A. Well, we were talking about the accident, and they seemed to be very sorry that it happened and told me that they would do the right thing with the people, that they would pay the hospital fees and the doctor bills and asked me if I didn't think that would be right, and I says: 'Yes, certainly that would be right.' "

4, 5. The testimony objected to did not indicate an offer to compromise. It tended to show an admission of liability on the part of the said defendant and was competent. Objection was made by defendant and an exception saved to testimony of the plaintiff in regard to the different members of the Farra family driving the car. This testimony indicated the kind of use made of the car and was competent. Defendant objected and excepted to the following instructions of the court to the jury, which exception we did not notice in the companion case.

"You are further instructed that the laws of this state provide that every motor vehicle, except motorcycles, operated or driven upon the highways of this state shall be provided with two sets of brakes, operated independently, sufficient to control the vehicle at all times. It is the duty also of the owner, or one in possession of a motor vehicle to see that it is adequately equipped with steering apparatus.

"You are further instructed that it is the law of this state that no vehicle shall be moved along

or operated on the road, street or highway of this state by any person unable to control and properly operate the same with due regard to the safety of the public and of other vehicles.

"You are further instructed that it is the law of this state that every person operating a motor vehicle shall not exceed twenty miles per hour within the city of Grants Pass and at twelve miles per hour at intersections, and in no case shall a motor vehicle be operated at any speed that will endanger the property of another, or the life and limb of any person."

This portion of the charge is strictly in conformity with the statute. It was germane to the issues and the testimony in the case. It was the duty of the court to instruct the jury accordingly. The exception is not well taken. See General Laws of Oregon, 1921, Chapter 371, Section 2, subdivision 18, and Section 3, pages 712, 714. It should be kept in mind in each of these cases, that irrespective of the "family purpose" use of the car the testimony is practically uncontradicted and the jury was warranted in finding that the defendant, Walter H. Farra, negligently and in violation of law permitted his motor-car to be driven upon the public street and highway in a defective and dangerous condition; that when so used it was an instrumentality dangerous to human life and limb. We find no reversible error in the record.

Following the opinion in the case of *Foster* v. *Farra, supra,* the judgment of the Circuit Court must be affirmed. It is so ordered.    AFFIRMED.

BURNETT, J., concurs in the result.